**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **KAREN MITCHELL,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | **NO. 4:09-CV-00224** |
| | § | |
| **DEVELOPERS DIVERSIFIED REALTY CORPORATION,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |
| | § | |
| | § | |

**DEFENDANT'S BRIEF IN RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS AND IN SUPPORT OF DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

Defendant Developers Diversified Corporation ("DDR") filed a Motion for a Protective Order Pursuant to Rules 26(c) and 30(d)(3) of the Federal Rules of Civil Procedure (FRCP) on Friday, July 9, 2010. Plaintiff Karen Mitchell ("Plaintiff") filed a related Motion for Sanctions on Monday, July 12. Both briefs concern a handful of deposition questions posed by Plaintiff's counsel to which DDR's counsel instructed the respective DDR witnesses not to answer. DDR's objection was expressly based on FRCP § 30(d)(3)(A), which permits a party to "move to terminate or limit [a deposition] on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party."

DDR respectfully requests that the Court grant DDR's motion for a protective order, and deny Plaintiff's improper Motion for Sanctions. As discussed below, DDR properly made its objections and its motion. Plaintiff counsel's certificate of conference indicating otherwise is a complete misrepresentation of the communications between counsel.

## I. DDR FOLLOWED THE PROPER PROCEDURES OF FRCP § 30(D)(3) IN ITS OBJECTIONS

Plaintiff offers an unworkable, tortured reading of FRCP § 30 in several respects. Rule 30(c)(2) provides in relevant part as follows:

> ***(2)*** ***Objections.*** An objection at the time of the examination — whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition — must be noted on the record, but the examination proceeds. . . . A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

(emphasis added).

Counsel for DDR defended three depositions over two days, on June 9, 2010, and June 30. During the depositions, counsel expressly instructed three witnesses not to answer certain, respective questions based on Plaintiff's counsel's bad faith conduct under Rule 30(d)(3). All three depositions continued, however. Nothing in the above Rule concerning deposition objections negates its general requirement that, notwithstanding an objection, "the examination proceeds."

Likewise, Section § 30(d)(3)(A) provides as follows:

> ***(3)*** ***Motion to Terminate or Limit***
>
> ***(A):*** ***Grounds.*** At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. The motion may be filed in the court where the action is pending or the deposition is being taken. If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order.

(emphasis added).

A plain reading of the Rule shows that an objecting party has the option — but no obligation — to terminate or suspend the deposition. See also *Slaughter v. Atkins*, 2010 U.S. Dist. LEXIS 49994, *8 (M.D. La. 2010) (noting that a suspension may be had at the deponent or party's option). Further, Eastern District Local Rule LR CV-7(a) requires all motions to be in writing "unless made during a hearing or trial." Nothing in Rule 30(d)(3)(A) forces an objecting party to interrupt and suspend all proceedings and rush to a computer to generate a formal, written motion consistent with the Local Rule to file with the Court. Indeed, Rule 30(d)(3) provides no prescribed time frames whatsoever.

In this case, all three deponents were located and deposed with Defense counsel present in northern Ohio, to which Plaintiff's counsel traveled on the first date, and a video deposition was held on the second. A suspension of depositions under these circumstances would have created a significant inconvenience to each party. DDR's counsel opted not to cause such a disruption, but simply to halt the harassing, bad faith lines of deposition examination. Such questions were not altogether unexpected. The parties have had a history of discovery disputes with respect to which individuals are proper comparators to Plaintiff, and what the relevant time frame is concerning her alleged disparate pay and wrongful termination claims.

Shortly after the two June 30 depositions, DDR filed a Motion for a Protective Order. Nothing in the Rule indicates this was improper. Quite the opposite, this approach appears to be the only workable option DDR had, considering the Rule's language and the distant deposition location.

## II. DDR'S OBJECTIONS TO EACH LINE OF DEPOSITION QUESTIONING SHOULD BE SUSTAINED.

While it is true that the scope of discovery is generally broad, courts are willing to sustain proper objections under Rule 30(d)(3)(A) in the case of questions asked in bad faith, intended to

harass and annoy a party with no relevance to the actual lawsuit. See, e.g., *EEOC v. Ey*, 1994 U.S. Dist. LEXIS 9326 (E.D. Mo. 1994) (questions in employment discrimination case about whether the plaintiff lied to his wife about an affair with a coworker were inappropriate and only meant to annoy and harass the deponent); *Slaughter*, 2010 U.S. Dist. LEXIS 49994 at *14 (sustaining an objection to a line of questions because "such questioning lacks sufficient relevance to this suit to be permitted."). The questions at issue here fit the description.

As noted below, Plaintiff names two exchanges incorrectly, during which DDR's counsel asserted valid form and privilege objections, but not Rule 30(d)(3)(A). As to the other objections, however, each objections falls within the realm of bad faith, irrelevance, harassment, annoyance, embarrassment, and oppression for which Rule 30(d)(3)(A) permits a party to object. DDR addresses below each of the exchanges enumerated in Plaintiff's Motion (following Plaintiff's enumeration):

**Exchanges described in "Walker-Gibbons (a)," "(b)," and "Kaufman (b)," and "(c)"** pertain to questions about other employees allegedly having viewed pornography on the internet. (DDR Mtn. Exh. C, 250:17-253:17, & Exh. A, 11:10-15:05, 30:07-13). *These salacious allegations are irrelevant for multiple reasons: (1) Plaintiff asserts no hostile work environment or sexual harassment claims in her lawsuit; (2) the alleged incidences are remote in time (having allegedly occurred in 2001 or 2002 according to Plaintiff); (3) Plaintiff testified she is uncertain what disciplinary measures may have been taken against those allegedly involved; (4) neither Diane Kaufman nor Nan Zieleniac were even employed by DDR until years after the alleged incident or incidences; and (5) considering that Robin Walker-Gibbons was not involved in the Human Resources department, Plaintiff's counsel failed to lay any foundation whatsoever with respect to what Ms. Walker-Gibbons' personal knowledge might have been concerning the*

*allegations, nor — more importantly — what disciplinary actions make have been taken in response.*

**The exchange described in "Kaufman (a)"** pertains to the question "[w]hat reason could explain that other than sex discrimination?," referring to a statistic from another deponent altogether, that "there were approximately five or six women out of approximately 45 in executive ranks at DDR." (DDR Mtn. Exh A, 3:15-4:20). *This question is harassing in that (1) it is purely an ultimate argument, worded as a brow-beating, rhetorical question, and (2) the honest answer to this question likely requires a demographic explanation related to the occupation, geography, and other factors affecting candidate application rates and self-determined career-path differences between men and women in this industry, all of which might be appropriate for an expert witness were such statistics relevant to this lawsuit, but certainly beyond Ms. Kaufman's personal knowledge as it pertains to this lawsuit, and (3) the question is irrelevant in regard to Plaintiff, who was not an executive with DDR, and who alleges only wrongful termination and disparate pay claims as a Regional Leasing Manager.*

**The exchange described in "Kaufman (d)"** pertains to questions concerning an alleged stray remark about another employee. *This question is actually not appropriately addressed in Plaintiff's Motion for Sanctions at all because, as pages 6 to 7 of Plaintiff's Exhibit A indicate, no Rule 30(d)(3) objection was raised in response. Counsel's actual objections were only to form and privilege objections raised prior to an interruption affecting the court reporter's audio signal, after which point Plaintiff's counsel did not raise the same questions again.*

**The exchange described in "Kaufman (e)"** pertains to questions about DDR's dating policies. (DDR Mtn. Exh A, 34:25-35:12). *These questions are harassing and irrelevant because (1) Plaintiff alleges nothing with respect to having been, herself, the victim of sexual*

*harassment, (2) Plaintiff admits she lacks personal knowledge of whether such alleged affairs were consensual, and (3) Plaintiff merely asserts that one or more females in such alleged relationships have left DDR, but she admits she has no personal knowledge of the circumstances.*

**The exchange described in "Kaufman (f)"** pertains to a hypothetical question to Kaufman about her own performance evaluation. (DDR Mtn. Exh A, 86:02-23). *These questions are harassing and irrelevant in that (1) Kaufman is a Human Resources employee and not a comparator to Plaintiff, and (2) the question counsel sets up is purely an argumentative, rhetorical "how would you feel?"-type question of no probative value to this case as derived from the deponent's personal knowledge.*

**The exchange described in "Kaufman (g)" and "(h)"** pertains to DDR human resources practices with respect to investigating discrimination or retaliation issues in making performance and termination decisions. (DDR Mtn. Exh A, 95:25-96:14). *These questions are harassing and irrelevant in that (1) the questions misguidedly assume that a human resources professional should take into account protected categories for employees during the investigation of a performance-based termination, which is in direct contradiction to what the law permits in an adverse employment action, and (2) the questions are rhetorical and argumentative, with no probative value derived from Ms. Kaufman's personal knowledge.*

**The exchange described in "Zieleniac (a)"** pertains to a comparison with another employee. *This question is again not appropriate for Plaintiff's Motion for Sanctions because, as indicated in Plaintiff's Exhibit A on the pages following page 13 (numbered 1 through 4), DDR's counsel raised no Rule 30(d)(3) objection. Again, these were only form and privilege objections.*

**The objectionable question described in "Zieleniac (b)"** is contained in the following exchange:

> A. I don't believe Ms. Gibbons would ever say that.
>
> Q. Is that because you understand her well enough to know that she would understand that that was impermissibly sexist?

*This question literally reads as snippy as it sounded. It assumes facts not in evidence and was posed in a harassing, argumentative manner.*

DDR has not sought to obstruct Plaintiff's discovery rights in the least. But DDR refuses to be bullied in this meritless lawsuit. As DDR explains in its pending Motion for Summary Judgment, and its Motion for a Protective Order, Plaintiff neither alleges a hostile work environment/continuing-violations claim and nor does she carry her burden of production with respect to any allegation that her termination or her pay demonstrate discrimination or pretext. Plaintiff is simply precluded from engaging in a freewheeling discovery attack in search of salacious allegations and stray remarks wholly unrelated to herself, wholly unrelated to the employment decisions at issue, and wholly inadmissible.

## III. LOCAL RULES REQUIRE PARTIES TO MEET AND CONFER REGARDING ADMISSIBILITY OF MATTERS SUBJECT TO DISCOVERY DISPUTES.

Eastern District Local Rules provide that, for a discovery related motion, counsel for each party must meet and confer, and "the discussion shall consider, among other things, (1) whether and to what extent the requested material would be admissible in a trial or reasonably calculated to lead to the discovery of admissible evidence . . .." LR CV-7(h). The Local Rules also require a certificate of conference stating "(1) that counsel has complied with the meet and confer requirement in Local Rule CV-7(h) and (2) whether the motion is opposed or unopposed."

In this case, Plaintiff's counsel submits a Certificate of Conference that flatly misrepresents the position of counsel for DDR, claiming the "Defendant's counsel John McCarthy admitted that his direction to witnesses for Defendant not to answer without filing concurrent motions for protective order had been wrong . . .." This is an unequivocally false statement. As noted in DDR's Reply in Support of Motion for Summary Judgment, Plaintiff and her counsel have misrepresented numerous issues in pursuit of this lawsuit. Plaintiff's Motion for Sanctions should be denied, and DDR's Motion for a Protective Order should be granted to cease Plaintiff's perpetuated abuse of judicial process in a case without any merit on its face.

## I.
## CONCLUSION

For the foregoing reasons, DDR respectfully requests this Court to enter a protective order pursuant to Federal Rule of Civil Procedure 26(c) and 30(d)(3)(A) preventing Plaintiff from seeking further deposition or trial testimony on the above-mentioned subjects.

Dated July 28, 2010

Respectfully submitted,

/s/ John F. McCarthy, Jr.

John F. McCarthy, Jr. (Attorney-in-Charge)
State Bar No. 13374500
Adam J. Peters
State Bar No. 24046620
LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100 (Telephone)
214.880.0181 (Telecopier)
jmccarthy@littler.com
apeters@littler.com

**ATTORNEYS FOR DEFENDANT DEVELOPERS DIVERSIFIED REALTY CORPORATION**

## CERTIFICATE OF SERVICE

On July 28, 2010, I electronically submitted the foregoing document with the Clerk of the Court for the U.S. District Court, Eastern District of Texas, using the electronic case file system of the Court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(5).

/s/ Adam J. Peters
Adam J. Peters

Firmwide:96540333.1 056752.1009